

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-87,520-01

### EX PARTE TORRIANO WALPOOL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W14-76467-J(A) IN THE CRIMINAL DISTRICT COURT NUMBER THREE
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of sexual assault of a child and sentenced to imprisonment for thirty years.

Applicant alleges counsel was ineffective for: (1) failing to file a motion to prohibit the State from impeaching him with his prior conviction; (2) failing to conduct a reasonable pre-trial investigation; (3) failing to cross-examine Altresha Walpool and A.T. concerning prior statements they made to investigating detectives that the complainant was lying and otherwise effectively cross-

examine the State's witnesses; (4) failing to confront Detective Herring who was designated as the State's last witness but was not called because she was testifying in a different trial; (5) failing to object to inadmissible hearsay offered through the testimony of Gabriel Marquez; (6) failing to object to inadmissible hearsay offered through the testimony of Precious Troutman; (7) failing to file a motion in limine and object to testimony of inadmissible hearsay and bad acts between Applicant and the complaining witness; (8) failing to object, bring to the trial court's attention, or request a mistrial due to juror misconduct, specifically a juror who was sleeping during portions of the testimony; (9) failing to object to the State's late notice of intent to enhance punishment; (10) failing to file a motion in limine and object to the State's use of extraneous offenses; (11) failing to object to inadmissible text messages entered into evidence by the State; (12) failing to object to the State failing to disclose evidence in compliance with the Michael Morton Act and failing to move for a continuance; (13) failing to prepare for trial, confer adequately with Applicant, or prepare Applicant to testify; and (14) failing to object to an out-of-state pen packet introduced at punishment as hearsay and improperly authenticated. Applicant also alleges the cumulative effect of counsel's actions deprived him of due process and a fair trial.

The State responds to Applicant's claims as follows, in pertinent part:

> The State believes that further factual investigation is necessary to determine the merit, if any, to applicant's instant habeas allegation of ineffective assistance of counsel. To that end, the State requests that this Court issue an order designating issues and gather evidence, as is customary, by way of affidavit from defense counsel Greg Neugebauer. Pending production of evidence substantiating applicant's claim. The State denies applicant's allegations.

The State's proposed order designating issues was not timely signed by the trial court and the habeas record has been properly forwarded to this Court by the district clerk. However, the record has been forwarded without the trial court having resolved the ineffective assistance of

counsel issue designated by the State in its proposed order. We remand this application to the Criminal District Court Number Three Court of Dallas County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 25, 2017
Do not publish